IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITE HERE HEALTH, ) | |
| ) | |
| MATTHEW WALKER, as fiduciary of ) | |
| UNITE HERE HEALTH, ) | |
| ) | CIVIL ACTION |
| Plaintiffs, ) | |
| ) | NO. |
| vs. ) | |
| ) | JUDGE |
| I.L. CREATIONS OF MARYLAND, INC., ) | |
| JAC-USDA, INC., ) | |
| ILC-LOC, INC., ) | |
| STEVEN CHOI and LEENA CHOI, ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

The Plaintiffs, UNITE HERE HEALTH ("Welfare Fund") and MATTHEW WALKER, as fiduciary of UNITE HERE HEALTH, (collectively "Plaintiffs"), by their attorneys, complaining of I.L. CREATIONS OF MARYLAND, INC., JAC-USDA, INC., ILC-LOC, INC., STEVEN CHOI, and LEENA CHOI, Defendants herein, allege as follows:

## **JURISDICTION**

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), §§502(a)(3) and 515, 29 U.S.C. §§1132(a)(3) and 1145. Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

**PARTIES**

2. Plaintiff Welfare Fund is a "welfare plan" pursuant to ERISA §§3(1) and 3(37), 29 U.S.C. §§1002(1) and 1002(37) and an "employee benefit trust fund" under the LMRA §302(c)(5) and 29 U.S.C. §186(c)(5). The Welfare Fund brings this action in such capacity as an entity pursuant to ERISA §502(d)(1) and §§502(e)(1) and (2) and 29 U.S.C. §§1132(d)(1) and 1132(e)(1).

3. The Trustees of the Welfare Fund and the Seventh Amended and Restated Agreements and Declarations of Trusts ("Welfare Fund Trust Indenture" attached as Exhibit A) governing the Welfare Fund's establishment and operation authorize the Welfare Fund's Plan Administrator to initiate litigation on the Welfare Fund's behalf. Matthew Walker, as Plan Administrator, brings this action pursuant to such authority and in his capacity as a fiduciary of the Welfare Fund pursuant to ERISA §§3(21)(A) and 502(a)(3) and 29 U.S.C. §§1002(21)(A) and 1132(a)(3).

4. Defendant, I.L. CREATIONS OF MARYLAND, INC. (I.L. Creations), is a Maryland corporation engaged in the food service industry. Defendant provides food service at various federal government departments and/or agencies, including the U.S. Department of Agriculture; the U.S. Department of State; the Library of Congress; the Department of Energy, Germantown; the New Executive Office Building; the Eisenhower Executive Office Building; and the Department of Energy, Forrestall Building.

5. Upon information and belief, Defendant operates some of its locations set forth in Paragraph 4 above, under different corporate names.

6. Upon information and belief, I.L. Creations is doing business at the U.S. Department of Agriculture and the U.S. Department of State as JAC-USDA, Inc.

7. Upon information and belief, I.L. Creations is doing business at the Library of Congress as ILC-LOC, INC.

8. Defendants STEVEN AND LEENA CHOI are the owners and principal officers and/or directors of Defendant I.L. Creations.

**VENUE**

9. The Welfare Fund maintains an office for the purpose of administering the aforementioned Welfare Plan, collecting pension contributions and administering pension benefits at 711 North Commons Drive, Aurora, Illinois. Therefore, venue is proper in this district pursuant to ERISA §502(e)(2) and 29 U.S.C. §1132(e)(2).

**FACTS**

10. Defendant I.L. Creations is an employer engaged in an industry affecting commerce and has agreed to be bound by certain collective bargaining agreements, as established below, under which Defendant is required, *inter alia*, to pay employee fringe benefits in the form and manner of monthly contributions to the Welfare Fund, in a sum certain, for and on behalf of Defendant's eligible employees.

11. Defendant, I.L. Creations by its authorized agent, has entered into a collectively-bargained labor agreement with UNITE HERE LOCAL 23 ("Union") effective December 1, 2013 through January 31, 2016 as well as a Memorandum of Understanding (MOA) (the "Agreement" attached hereto as Exhibit B and the MOA is attached as Exhibit C), which require contributions be made to the Welfare Fund for and on behalf of Defendant's bargaining unit employees.

12. The Agreement binds Defendant I.L. Creations to the Welfare Fund Trust Indenture under the terms of which Defendant, *inter alia*, shall pay, in addition to the amounts determined to

be due, interest, liquidated damages, attorneys' fees and costs, audit costs, court costs and any other reasonable costs incurred by Plaintiffs in the collection process.

13. Plaintiffs have complied with all conditions precedent in bringing this action.

14. A copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury, by certified mail, as required by ERISA §502(h) and 29 U.S.C. §1132(h).

**COUNT I**
**AGAINST I.L. CREATIONS OF MARYLAND, INC.**
**WELFARE FUND DELINQUENCIES**

15. The Welfare Fund incorporates by reference Paragraphs 1 through 14 of this Complaint as though fully set forth herein.

16. Defendant I.L. Creations has failed to submit payments to the Welfare Fund on behalf of its employees who performed work covered under the collective bargaining agreement for the work months of December 1, 2013 through February 28, 2014.

17. The total amount currently due and owing to the Welfare Fund is $199,124.21, plus accruing interest, costs and attorneys' fees, subject, however, to the possibility that additional amounts may be due Plaintiffs from Defendant based upon Defendant's failure to submit all reports for the period March 2014 forward, or to accurately state all hours for which contributions are due on reports previously submitted.

18. By failing to make the appropriate contributions to the Welfare Fund, Defendant has breached the Agreement, the MOA, and ERISA §515, 29 U.S.C. §1145.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant I.L. Creations as follows:

(a) on behalf of the Welfare Fund, the unpaid contributions owed to the Fund, together with any additional unpaid contributions with interest accruing thereon at the rate of prime plus two (2%) percent per annum plus an amount equal to the greater of interest on the unpaid contributions or liquidated damages of twenty (20%) percent of the delinquent amount due as provided for under the Welfare Fund Trust Indenture and 29 U.S.C. §§1132(g)(2)(A-E);

(b) all reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and

(c) such other legal or equitable relief as this Court deems just and proper, pursuant to ERISA §502(g)(2)(E), 29 U.S.C. §1132(g)(2)(E).

## COUNT II
### AGAINST JAC-USDA, INC. and ILC-LOC, INC., d/b/a I.L. CREATIONS OF MARYLAND, INC.

19. The Welfare Fund incorporates by reference Paragraphs 1 through 14 of this Complaint as though fully set forth herein.

20. To the extent the Defendant, I.L. Creations has created JAC-USDA, INC. and ILC-LOC, INC. to avoid its obligations under the collection bargaining agreement, either as an alter-ego or as a successor, Plaintiffs seek judgment against them for delinquent contributions, interest, liquidated damages, attorneys' fees and costs, all as allowed under ERISA, 29 U.S.C. §1132(g).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendants JAC-USDA, INC. and ILC-LOC, INC. as follows:

(a) on behalf of the Welfare Fund, the unpaid contributions owed to the Fund, together with any additional future unpaid contributions with interest accruing thereon at the rate of prime plus two (2%) percent per annum plus an amount equal to the greater of interest on the unpaid contributions or liquidated damages of twenty (20%) percent of the delinquent amount due as provided for under the Welfare Fund Trust Indenture and 29 U.S.C. §§1132(g)(2)(A-E);

(b) all reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and

5

(c) such other legal or equitable relief as this Court deems just and proper, pursuant to ERISA §502(g)(2)(E), 29 U.S.C. §1132(g)(2)(E).

## COUNT III
## CONVERSION

21. The Welfare Fund incorporates by reference Paragraphs 1 through 14 of this Complaint as though fully set forth herein.

22. Under the MOA, the employer and employee are both responsible for a portion of the contributions due to the Fund. The MOA provides for the percentages of contributions for which the employer is responsible and the balance for which the employee is responsible.

23. The employee portions of the contributions are pre-tax wage deductions, that, upon information and belief, Defendant has been deducting from its employees' wages.

24. Since Defendant has not paid contributions due from December 2013 forward, it has also retained, and converted to it own use, the employee portions of the contributions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant I.L. Creations as follows:

(a) on behalf of the Welfare Fund, the employee portion of the unpaid contributions owed to the Fund, together with any additional future unpaid contributions with interest accruing thereon at the rate of prime plus two (2%) percent per annum plus an amount equal to the greater of interest on the unpaid contributions or liquidated damages of twenty (20%) percent of the delinquent amount due as provided for under the Welfare Fund Trust Indenture.

(b) all reasonable attorneys' fees and costs incurred by Plaintiffs in this action as provided for under the Welfare Trust Indenture; and

(c) such other legal or equitable relief as this Court deems just and proper.

# COUNT IV
# BREACH OF FIDUCIARY DUTY
# FOR DEFENDANT'S OFFICERS STEVE AND LEENA CHOI'S
# PROHIBITED USE OF EMPLOYEE PORTION OF CONTRIBUTIONS DUE

25. The Welfare Fund incorporates by reference Paragraphs 1 through 14 and Paragraphs 22 through 24 of this Complaint as though fully set forth herein.

26. All employee portions of the amounts due the welfare fund, which are deducted from employees' wages are plan assets by operation of law.

27. Defendants Steve and Leena Choi are the principal officers of Defendant with discretionary authority over Defendants' day-to-day operations, control plan assets, i.e., the employee portion of the contributions owed to Plaintiffs.

28. By deducting the employee portions of amounts due the Fund from wages and not paying that amount to the Fund, the Defendants Steve and Leena Choi have used plan assets in a manner prohibited by ERISA, for their own use, and not for the use of the participants and beneficiaries.

29. Defendants have breached their fiduciary duties to the Fund and are personally liable for the amounts due the Fund for the employee portion of the amounts alleged due in Count I.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendants Steven and Leena Choi as follows:

(a) on behalf of the Welfare Fund, the employee portion of the unpaid contributions owed to the Fund, together with any additional future unpaid contributions with interest accruing thereon at the rate of prime plus two (2%) percent per annum plus an amount equal to the greater of interest on the unpaid contributions or liquidated

  damages of twenty (20%) percent of the delinquent amount due as provided for under the Welfare Fund Trust Indenture and 29 U.S.C. §§1132(g)(2)(A-E);

(b)  all reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and

(c)  such other legal or equitable relief as this Court deems just and proper, pursuant to ERISA §502(g)(2)(E), 29 U.S.C. §1132(g)(2)(E).

**<u>COUNT V</u>**
**BREACH OF FIDUCIARY DUTY**
**FOR DEFENDANT'S OFFICERS STEVE AND LEENA CHOI'S**
**PROHIBITED USE OF EMPLOYER PORTION OF CONTRIBUTIONS DUE**

30.  The Welfare Fund incorporates by reference Paragraphs 1 through 14 of this Complaint as though fully set forth herein.

31.  Article Five, Section 5.03, of the Welfare Trust Indenture provides "contributions made or required to be made pursuant to a collective bargaining agreement, participation agreement or other agreement acceptable to the Trustees, or in accordance with the Minimum Standards, are plan assets, whether or not they are received or collected by the Fund."

32.  Defendants, as the holders of Plan assets, as defined in the Welfare Trust Indenture, are fiduciaries, under ERISA 29 U.S.C. 1002(21)(A), and have used contributions due to the Fund in a manner prohibited by ERISA, for their own use, and not for the use of the participants and beneficiaries.

33.  Defendants have breached their fiduciary duties to the Fund and are personally liable for the employer portion due the Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendants Steven and Leena Choi as follows:

(a) on behalf of the Welfare Fund, the employer portion of the unpaid contributions owed to the Fund, together with any additional future unpaid contributions with interest accruing thereon at the rate of prime plus two (2%) percent per annum plus an amount equal to the greater of interest on the unpaid contributions or liquidated damages of twenty (20%) percent of the delinquent amount due as provided for under the Welfare Fund Trust Indenture and 29 U.S.C. §§1132(g)(2)(A-E);

(b) all reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and

(c) such other legal or equitable relief as this Court deems just and proper, pursuant to ERISA §502(g)(2)(E), 29 U.S.C. §1132(g)(2)(E).

Respectfully submitted,

/s/   Laura M. Finnegan

Laura M. Finnegan
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6210637
Telephone: (312) 236-4316
E-Mail: lmfinnegan@baumsigman.com

I:\HEREW\I.L. Creation of Maryland\complaint.lmf.df.wpd